IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARRETT STEPHEN HALL,

    **Plaintiff,**

    v.                      CASE NO. 19-3038-SAC

**NEOSHO COUNTY JAIL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently confined at the Neosho County Jail in Erie, Kansas ("NCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Compliant that he received his legal mail "with the corner torn open." Plaintiff also alleges that the living conditions at NCJ are unsanitary because there are "urine crystals" on the toilets and inmates are not given proper cleaning supplies. Lastly, Plaintiff claims that there is no access to a law library at NCJ. Plaintiff names as defendants: the Neosho County Jail; Sheriff Jim Keith; and Captain Brady Maurer. Plaintiff seeks damages in the amount of $1100 per day starting on January 31, 2019.

On June 7, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until June 28, 2019, to either show good cause why his Complaint should not be dismissed or to file a proper amended complaint to cure the deficiencies set forth in the MOSC. The Court granted Plaintiff an extension of time to August 26, 2019, to respond to the MOSC. (Doc. 7.) Plaintiff has failed to respond within the allowed time.

In the MOSC, the Court found that: Plaintiff's single instance of receiving his legal mail with the corner torn off failed to show improper motive or interference with access to the courts or counsel, and failed to allege a constitutional violation; Plaintiff has failed to allege how the Sheriff and Captain personally participated in the deprivation of his constitutional rights; and Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.

The Court also found that Plaintiff fails to allege that any named defendant was personally responsible for the alleged unsanitary conditions at NCJ. It is also unclear how long Plaintiff was exposed to the alleged conditions. Plaintiff alleges no facts showing that a defendant "both knew of and disregarded an excessive risk to [his] health or safety" related to the presence of "urine crystals" on his toilet. *See Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 794 (10th Cir. 2013). In comparison, a "bare allegation of [the presence of] mold . . . does not create a reasonable inference regarding the sort of threat to [a plaintiff's] mental or physical well being which is necessary for violation of the Eighth Amendment." *Cox v. Grady Cty. Detention Center*, 2008 WL 1925052, at *3–4 (W.D. Okla. April 29, 2008) (citing *Dittmeyer v. Whetsel*, 91 F. App'x 111 (10th Cir. Feb. 11, 2004)). The Court found that Plaintiff's complaints regarding the conditions of his confinement at NCJ were subject to dismissal for failure to state a claim of cruel and unusual punishment.

The Court also found that Plaintiff has not alleged that the lack of a law library prevented him from accessing the courts or caused him actual injury. The claim is not plausible, particularly since he was able to file this action in federal district court. To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate. He "must go one step

further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348, 350 (1996). In order to satisfy the actual injury requirement, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file or litigate a non-frivolous action. *Id.* at 351, 354–55. Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id.* at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)). It follows that the inmate represented by counsel is not entitled to a law library.

Lastly, the Court found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 30th day of August, 2019.**

s/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**
